[Civ. No. 17103. Third Dist. June 8, 1978.]

JAMES H. BROCK et al., Plaintiffs and Appellants, v.
STATE OF CALIFORNIA, Defendant and Respondent.

[And 8 other cases.]†

†*Rivers* v. *State of California* (Civ. No. 17104); *Burke* v. *State of California* (Civ. No. 17105); *Redd* v. *State of California* (Civ. No. 17106); *Woodcock* v. *State of California* (Civ. No. 17107); *Carmichael* v. *State of California* (Civ. No. 17108); *Frazier* v. *State of California* (Civ. No. 17109); *Ritter* v. *State of California* (Civ. No. 17110); *Daraskavich* v. *State of California* (Civ. No. 17111).

**COUNSEL**

Thelen, Marrin, Johnson & Bridges, Tocher & Gazzigli, Thomas R. Hogan and Janet F. Bentley for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, John M. Morrison, Seward L. Andrews and Thomas McGuire, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**PARAS, Acting P. J.**—Plaintiffs in these nine consolidated cases appeal from identical judgments of dismissal entered after the trial court sustained general demurrers without leave to amend.

The cases arise out of a catastrophic explosion and fire at Champion Papers' Novoply Plant in Shasta County on March 23, 1976, in which several Champion employees were killed or injured. Plaintiffs filed personal injury actions against several defendants, including the State of California, the only defendant involved in this appeal. In pertinent part, the allegations of all plaintiffs against the state are:

"SECOND CAUSE OF ACTION

". . . . . . . . . . . . . . . . . . . .

"II

"Prior to March 23, 1976, the defendant STATE OF CALIFORNIA, DIVISION OF INDUSTRIAL SAFETY, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION was a government entity charged with the mandatory responsibility for inspecting and investigating manufacturing facilities to assure that they were reasonably safe places for workers such as the plaintiffs' dececent [*sic*] to work.

". . . . . . . . . . . . . . . . . . . .

"VI

"This defendant, its agents and employees, through their inspections had knowledge of violations of provisions of the law and, notwithstanding this, failed to exercise their mandatory duty in seeing that CHAMPION PAPERS, INC. complied with said provisions.

". . . . . . . . . . . . . . . . . . . .

"THIRD CAUSE OF ACTION

". . . . . . . . . . . . . . . . . . . .

## "II

"At all times herein mentioned defendants STATE OF CALIFORNIA, DIVISION OF INDUSTRIAL SAFETY, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION and DOES ONE through TWENTY-FIVE as agents of the above-mentioned defendants and each of them, by operation of law were vested with a mandatory duty for inspection, maintenance and general safety of the premises herein described as NOVOPLY, a division of CHAMPION PAPERS, INC. Said duty was mandatory, non-delegable and for the benefit of plaintiffs decedent and other employees similarly situated.

## "III

"At all times herein mentioned and specifically within the period of time prior to March 23, 1976, defendants STATE OF CALIFORNIA, DIVISION OF INDUSTRIAL SAFETY, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION and DOES ONE through TWENTY-FIVE, acting as agents, servants and employees of their co-defendants and each of them, knowingly and maliciously conspired with officials and employees of CHAMPION PAPERS, INC. to violate certain laws, codes and regulations which defendants and each of them were vested with a mandatory duty to enforce.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## "V

"As a direct and proximate result of the conspiracy, these defendants failed to comply with the above-mentioned laws, codes and regulations, thus allowing dust accumulations in said plant and creating on these premises an ultra hazardous and dangerous condition."

The state demurred on the ground, inter alia, that Labor Code section 6304.5 prohibits reliance upon the Labor Code Occupational Safety and Health Act provision as a basis for a personal injury or wrongful death action except as between an employee and his employer.

Although the complaint does not specify the "laws, codes and regulations" upon which plaintiffs posit the State's alleged mandatory duty, it is undisputed that their claim is based upon the Occupational Safety and Health Act of 1973 (CAL/OSHA). They so argued in their trial brief, referring to Labor Code section 6300, the first section of

CAL/OSHA. On appeal they state: ". . . the State was under a mandatory duty to inspect the premises at which the fire and explosion occurred. Labor Code, §§ 142,[1] 6300, 6327.5."

The trial court stated in its ruling: "There can be little question that the [CAL/OSHA] provisions . . . are more than merely an authorization to state employees to inspect. Section 6327.5 provides for a Writ of Mandate to compel the discharge of their duties, upon the application of an endangered employee. There is no doubt that there is a mandatory duty, and that it is intended to benefit the employees upon the premises under scrutiny.

".     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"It is equally clear that the legislature has provided that there will be no consequences, in the form of civil liability for damages, for the breach of the statutory duty. Section 6304.5 prescribes that the regulation set forth in the chapter shall have no application in *any* civil action for personal injury or wrongful death, not only where the State is a party defendant, but otherwise." (Italics in original.)

■ The trial court's ruling was correct. Section 6304.5 of the Labor Code states in its entirety: "It is the intent of the Legislature that the provisions of this division [CAL/OSHA] shall only be applicable to proceedings against employers brought pursuant to the provisions of Chapter 3 (commencing with Section 6500) and 4 (commencing with Section 6600) of Part 1 of this division for the exclusive purpose of maintaining and enforcing employee safety. [¶] *Neither this division nor any part of this division shall have any application to, nor be considered in, nor be admissible* into, evidence in *any* personal injury or wrongful death action arising after the operative date of this section, except as between an employee and his own employer." (Italics added.)

Despite this all-encompassing exclusion of the use of safety statutes in third party actions, plaintiffs insist that "[T]he sole purpose of § 6304.5 is to preclude the admission into evidence of *safety orders* in third party actions by an employee." Not only is this contention directly contrary to the broad and clear language of the statute, but it is also unsupported,

---

[1]Labor Code section 142 reads in pertinent part: "The Division of Industrial Safety shall enforce all occupational safety and health standards adopted pursuant to this chapter, and those heretofore adopted by the Industrial Accident Commission or the Industrial Safety Board. . . ."

and indeed contradicted, by the authorities relied upon. *Spencer* v. *G. A. MacDonald Constr. Co.* (1976) 63 Cal.App.3d 836 [134 Cal.Rptr. 78], held that safety orders were not to be admitted into evidence or otherwise referred to because the safety orders there in controversy fell within the broad exclusionary force of section 6304.5. The court stated at page 850: ". . . Assembly Bill No. 676 as amended did not attempt to change Evidence Code section 669. Rather it (through the second paragraph of § 6304.5) simply *limits the applicability, consideration or admissibility* of the division of which it is a part to actions between an employee and his own employer. . . ." (Italics added.) Again at pages 855-856, the *Spencer* court states: ". . . Labor Code section 6315.5 (div. 5) provides for the admissibility of occupational safety and health standards, orders and regulations. Section 6304.5 *does not allow any provision of division 5 to have any application to, or to be considered* in, a personal injury or wrongful death action except one between an employee and his own employer and proceedings brought pursuant to Labor Code sections 6500 et seq. and 6600 et seq. Consequently, at the time of trial the trial judge would not allow anyone to refer to safety orders in front of the jury. . . ." (Italics added.)

In *Vallas* v. *City of Chula Vista* (1976) 56 Cal.App.3d 382, 387 [128 Cal.Rptr. 469], also relied on by plaintiffs, the court stated in a footnote: ". . . the presumption [of failure to exercise due care] arising *from violation of a Labor Code provision* or safety order founded on Labor Code, division 5, section 6300 et seq. is not applicable except as between an employee and his own employer (Lab. Code, § 6304.5)." (Italics added.)

The fact that the state has a mandatory duty to inspect and to enforce CAL/OSHA provisions is irrelevant to the issue of whether those provisions can be relied upon in a personal injury action against the state when the state is not the employer. It is evident that the purpose of section 6304.5 is to prevent the technical CAL/OSHA safety provisions from enlarging the personal injury liability of third parties beyond basic common law liability.

The present case is a good example of the practical need for such restriction. Plaintiffs allege that upon being notified of proposed inspections, Champion Papers, Inc. "would make token clean-ups and take remedial measures. . . ." This illustrates the obvious, that day-to-day operating control over safety conditions rests with the employer alone. Since third parties, including the state, are not in control of such

day-to-day operations, and cannot be (even if hordes of inspectors were to be hired), the Legislature sensibly limited the applicability of the CAL/OSHA safety provisions to actions involving employers alone.

This has nothing to do with sovereign immunity, upon which plaintiffs premise their argument. Labor Code section 6304.5 does not undertake by its terms to immunize the state from suits by injured employees based on common law liability (or even based on violations of duty under statutes other than CAL/OSHA). It merely requires that the provisions of CAL/OSHA shall have no "application to, nor be considered in, nor be admissible into, evidence . . ." in such suits, or other third party suits.

Since plaintiffs' allegations against the state are based upon CAL/OSHA provisions, the demurrers were properly sustained. The judgments of dismissal are affirmed.

Evans, J., and Reynoso, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 10, 1978. Bird, C. J., did not participate therein.